```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------ X
                                                             :
UNITED STATES OF AMERICA,                                    :
                                                             :    ORDER DENYING MOTION
            -against-                                        :    FOR SENTENCE REDUCTION
                                                             :
ADRIANO MEJIA,                                               :    06 Cr. 1014-2 (AKH)
                                                             :
                            Defendant.                       :
                                                             :
------------------------------------------------------------ X
```

ALVIN K. HELLERSTEIN, U.S.D.J.:

        Defendant Adriano Mejia ("Mejia") moves for a reduction in sentence pursuant to 18 U.S.C. § 3582(c)(1)(A), arguing that the COVID-19 pandemic has resulted in abnormally harsh conditions of confinement that alter the analysis of the Section 3553(a) sentencing factors. (ECF No. 154). He requests that I impose a sentence of time served or other such reduction as I may deem appropriate. For reasons provided below, the motion is denied.

        From 2000 to 2006, Mejia was one of the main leaders of a family-organized heroin organization that operated dozens of heroin mills in the Bronx, Brooklyn, Manhattan, and New Jersey areas, and which was responsible for the distribution of hundreds of kilograms of heroin in the New York city area. *See* PSR ¶ 25, ECF No. 67. On May 7, 2007, pursuant to a plea agreement, he pleaded guilty to four counts of an information, including (i) conspiracy to distribute heroin, in violation of 21 U.S.C. § 846; (ii) distribution of heroin, in violation of 21 U.S.C. § 841(b)(1)(A); (iii) carrying a firearm, in violation of 18 U.S.C. 924(c)(1)(A); and (iv) conspiracy to launder money, in violation of 18 U.S.C. § 1956(h). *See* ECF No. 73. In the plea agreement, Mejia and the Government stipulated to a non-binding sentencing range of 322 to 387 months' imprisonment, followed by 2 to 5 years supervised release, with a mandatory minimum sentence of 15 years.

1

Based upon the seriousness of the offense, the need to promote respect for the law, and to impose a just punishment, I sentenced Mejia to 300 months on counts II, II, and IV to run concurrently, and 60 months on Count III to run consecutively, followed by 5 years of supervised release. *See id.* He is currently in prison serving that sentence. I also imposed a fine of $25,000, to be paid at a rate of $5000 per each year of Mejia's supervised release. *See* ECF No. 130. Mejia now moves for a reduction in sentence, arguing that the COVID-19 pandemic alters the analysis of the Section 3553(a) factors, and that on balance, the factors favor a reduction to time served. *See* Motion, ECF No. 154.

"Federal courts are forbidden, as a general matter, to 'modify a term of imprisonment once it has been imposed,' 18 U.S.C. § 3582(c); but the rule of finality is subject to a few narrow exceptions." *Freeman v. United States*, 564 U.S. 522, 526 (2011). A court may "reduce the term of imprisonment. . . after considering the factors set forth in section 3553(a) to the extent that they are applicable, if it finds that . . . extraordinary and compelling reasons warrant such a reduction . . . and that such a reduction is consistent with applicable policy statements issued by the Sentencing Commission." 18 U.S.C. § 3582(c)(1)(A)(i); *see also United States v. Ogarro*, No. 18-cr-373-9 (RJS), 2020 WL 1876300, at *2 (S.D.N.Y. Apr. 14, 2020). The defendant bears the burden of showing he is entitled to this relief. *United States v. Ebbers*, 432 F. Supp. 3d 421, 426 (S.D.N.Y. 2020); *United States v. Butler*, 970 F.2d 1017, 1026 (2d Cir. 1992) ("If the defendant seeks decreased punishment, he or she has the burden of showing that the circumstances warrant that decrease."). To meet this burden, a defendant must show that three conditions are satisfied: administrative exhaustion; satisfaction of the § 3553(a) factors; and extraordinary and compelling reasons. *United States v. Keitt*, 21 F.4th 67, 2021 U.S. App. LEXIS 37888, at *11 (2d Cir. Dec. 22, 2021). A district court may deny relief when any one of the conditions is lacking. *Id.* Further, if "a district court denies a defendant's motion under § 3582(c)(1)(A) in sole reliance on the applicable § 3553(a) factors, it need not also

determine whether the defendant has shown extraordinary and compelling reasons that might (in other circumstances) justify a sentence reduction." *Id.*

The relevant § 3553(a) factors remain as applicable today as they were at the time I imposed Mejia's sentence, and Defendant concedes as much. *See* Motion, at 31 ("The principal § 3553(a) factors that undergirded the sentence the Court imposed . . . remain as weighty today as at the time of sentencing."). First, the nature and circumstances of the offense remain unchanged. Mejia was the leader of a huge heroin organization that distributed well over 1,000 kilograms of heroin. He used and carried weapons to operate that organization, endangering lives and harming the communities where he operated the heroin mills. His criminal conduct destroyed the lives of many people who were purchasing and addicted to heroin, and Mejia himself knew how dangerous heroin was because even he stayed away from using it.

Next, the seriousness of the offense also remains unchanged, as does the need for a sentence to reflect that seriousness. Again, Mejia was one of the leaders of a sophisticated long-running heroin organization, and his participation allowed that criminal enterprise to function efficiently and successfully. His offense was extremely serious, as he operated multiple mills and distributed bulk quantities of a deadly drug that severely damaged many victims in the community.

Further, the need for adequate deterrence remains the same. Mejia was the leader of an organization with over 100 workers, and his family was at the core of the operation. Accordingly, his sentence needs to send Mejia, members of his family, and others who operate similar criminal enterprises, a loud and clear message that such conduct will not be tolerated in the United States.

Accordingly, I find that the Section 3553(a) factors militate against a sentence reduction and favor adhering to the sentence imposed.

Again, as noted above, Defendant does not dispute that these factors are relevant to his sentencing.  However, he asserts that the interests have already been met in the time he has served, particularly in light of the conditions of confinement during the past 20 months.  To wit, he argues that his confinement has already "achieved nearly all of the deterrence that a sentence of incarceration can and should provide." *Id.* at 32.  He also points out that he will be immediately deported upon release due to his immigration detainer. *Id.*  Having found that the Section 3553(a) factors favoring adhering to the sentence imposed, I cannot say that Defendant's subjective belief that deterrence has been achieved justifies reducing his sentence to time served.

In addition, Defendant argues that release is warranted because his medical conditions—obesity, substance abuse disorder, and depressive disorder—and demographic characteristics place him at an increased risk for complications of COVID-19. *Id.* at 6–10.  None of his medical conditions justify release.  Although obesity can increase an individual's risk of severe illness, numerous courts have found that obesity, where as here, the movant's BMI is just barely over 30, does not call for relief.  *See, e.g.*, *United States v. Pabon*, No. 17-CR-312, 2021 WL 603269, at *4 (S.D.N.Y. Feb. 16, 2021) (collecting cases).  As to his substance abuse, the CDC has only placed such disorders in a "suggestive higher risk" category, and courts generally have not found a history of substance abuse sufficient to warrant release.  *See, e.g.*, *United States v. Kerrigan*, No. 16-CR-576, 2020 WL 2488269, at *2–3 (S.D.N.Y. May 14, 2020); *United States v. Haney*, 454 F. Supp. 3d 316, 322–24 & n.5 (S.D.N.Y. 2020).  Finally, as to his depressive disorder, the CDC has not recognized depression as a condition that creates a higher risk for COVID-19 complications.  Defendant acknowledges the absence of CDC recognition but nevertheless asserts, without providing any evidentiary support, that his disorder makes him potentially immunocompromised.  Given the absence of recognized risk and no evidence of any particularized risk, I cannot say that Defendant's depressive disorder favors release.  In sum, none of Defendant's medical conditions warrant relief.

Moreover, Defendant has already been infected with COVID-19 and is fully vaccinated. His speculation about the effectiveness of the vaccines, in light of emerging variants, is just that—speculation. Moreover, CDC guidance tends to rebut Defendant's speculation. The CDC has found that existing vaccines have proven highly effective at preventing severe disease and death from reinfection with both the Delta and Omicron variants. *See* CDC, *Delta Variant* (Aug. 26, 2021), https://www.cdc.gov/coronavirus/2019-ncov/variants/delta-variant.html; CDC, *Omicron Variant: What You Need to Know* (Feb. 2, 2022), https://www.cdc.gov/coronavirus/2019-ncov/variants/omicronvariant.html. While I am mindful that the conditions of custody add to the risks of contracting COVID-19, the CDC has suggested that cases of reinfection produce fewer symptoms than those experienced during an initial bout. *See* Berkeley Lovelace Jr., *People Reinfected with Omicron Variant Had Fewer Symptoms, Small CDC Study Finds*, NBC News (Dec. 28, 2021), https://www.nbcnews.com/health/health-news/people-reinfected-omicronvariant-fewer-symptoms-small-cdc-study-finds-rcna10195. Given the fact that Defendant has already been infected, and is fully vaccinated, I cannot find that the risks associated with new variants of COVID-19 constitute extraordinary and compelling circumstances warranting release.

In sum, the relevant Section 3553(a) factors militate against a sentence reduction here. Furthermore, there are no extraordinary and compelling reasons that might justify a reduction. *Keitt*, 21 F.4th 67, at *11–12 (finding no abuse of discretion where district court denied the defendant's motion to reduce his sentence solely in reliance on the applicable Section 3553(a) factors and without addressing every argument the defendant raised).

The motion is denied. The Clerk of the Court shall terminate ECF No. 154.

SO ORDERED.

Dated:     April 18, 2022                  /s/ Alvin K. Hellerstein
           New York, New York              ALVIN K. HELLERSTEIN
                                           United States District Judge